UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


WILLIE EARL GOLDSMITH,

        Plaintiff,

                                     Case No. 2:12-cv-41

v.                                    HON. R. ALLAN EDGAR

UNKNOWN SHARRETT, et al.,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff Willie Earl Goldsmith, an inmate at the Marquette Branch Prison (MBP), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Prison Guard Unknown Sharrett, Hearing Officer Linda Maki, Case Manager Peggy Ann Carberry, Prison Guard Unknown Exelby, and Prison Guard Patricia Belfry. Plaintiff alleges in his complaint that he writes fiction and children's stories and has written twenty-six manuscripts. Plaintiff alleges that he was transferred from MBP to the Alger Maximum Correctional Facility (LMF) in May of 2006 with handwritten books in his possession. The books were stamped with the copyright symbol and the year of completion, and were pre-addressed to Plaintiff's family members. Plaintiff states that he has never sold any material or had any of it published. Plaintiff further states that none of his books were ever circulated inside either MBP or LMF and that they were kept in a neat stack inside his footlocker in compliance with prison rules.

On September 4, 2007, Plaintiff wrote a complaint to Defendant Sharrett's Supervisor, Deputy Warden Rapelje, concerning the status of the "in-cell count lights" being left on

during the day, which caused Plaintiff to have headaches.  Deputy Warden Rapelje agreed with

Plaintiff and ordered that the lights not be on during the day.  Defendant Sharrett subsequently shook

down Plaintiff's cell, stating "You want to write the deputy about how I run my unit?"  During the

shakedown, Defendant Sharrett tossed all of Plaintiff's property around his cell.  On September 13,

2007, Defendant Sharrett conducted another cell search and found a 60 page manuscript addressed

to an outside recipient and entitled "Green Tag So Hot it Sizzles."  Plaintiff states that it is a fictional

story about a female prison guard who became lovers with a prisoner and inspired him to become

a model prisoner and get paroled.  The manuscript includes an explicit sex scene between the

prisoner and the female guard.  Defendant Sharrett seized the manuscript as contraband and issued

a sexual misconduct on Plaintiff.

> Plaintiff asserts that the sexual misconduct ticket states:
>
> . . . this officer found a handwritten manuscript entitled "Willie Earl
> Goldsmith #131338 presents 'Green Tag So Hot It Sizzles."  It shows
> a half cloth [sic] female picture cut from a magazine with the word
> prison guard next to it.  The Manuscript talks about female officers
> having sex with prisoners.  It goes in [sic] detail in sexual nature.
> This was left in plain view and is meant to degrade the female staff
> in a sexual matter.

(Plaintiff's complaint, ¶ 14.)

Defendant Belfry reviewed the misconduct with Plaintiff and stated that the sexual

content was disgusting.  Defendant Belfry approved the misconduct ticket and seizure of Plaintiff's

manuscript.  Defendant Sharrett further seized three other manuscripts entitled "How You Like Your

New Job," "The Initiation," and "Ravish On Roselaun," stating that the documents were "shit" and

did not need to be in society.  Plaintiff states that other female staff read the manuscripts and

complimented Plaintiff on his creative writing ability.  Plaintiff asserts that the only female staff who

- 2 -

were offended by his manuscripts were Defendants Belfry and Carberry, who were both friends of

Defendant Sharrett.

On September 27, 2007, Defendant Maki held a hearing on the misconduct and found

Plaintiff guilty. In the hearing report, Defendant Maki stated:

> . . . this document which is sexual in nature, was written to harass and
> degrade staff as there was no other purpose for it. Prisoner intended
> to harass and degrade staff as anyone searching the prisoner's
> property would be exposed to the document. . . Prisoner claims that
> this document was "aided by actual crimes, prison grapevine gossip."
> That may be true, but that does not mean that the prisoner is able to
> write fictional pornography about "Green Tag" officers without it
> being considered sexually harassing to staff. Reporting staff member
> claims are supported by the physical evidence.

(Plaintiff's complaint, ¶ 25.)

Plaintiff appealed the misconduct conviction in the Ingham County Circuit Court, to

no avail. Plaintiff subsequently filed appeals in the Michigan Court of Appeals and the Michigan

Supreme Court, which were denied on February 25, 2009, and September 11, 2009. (*See* http://

courts.mi.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=28

8533&CourtType_CaseNumber=2.)

On October 9, 2007, Defendant Sharrett conducted another search of Plaintiff's cell

and claimed that he found a "sexual letter concerning Corrections Officers and Prisoners."

Defendant Sharrett wrote a major misconduct ticket on Plaintiff, which was not upheld because

Defendant Maki concluded that the page should have been included in the initial misconduct report.

On October 22, 2007, Defendant Sharrett seized 21 fictional manuscripts, a children's novel, and a

500 page novel, all handwritten by Plaintiff. Defendant Sharrett also removed two dictionaries from

Plaintiff's cell and wrote a Notice of Intent to send the seized materials home at Plaintiff's expense,

- 3 -

or to have the documents destroyed.  On October 29, 2007, Defendant Carberry conducted an administrative hearing and determined that the documents would be destroyed.

On November 27, 2007, Plaintiff attempted to send indigent disbursement mail to Attorney Kristin Murphy regarding the seizures of his manuscripts.  Defendant Carberry picked up the mail, but refused to send it out, saying that it looked like a story, rather than legal mail.  On February 4, 2008, Defendant Exelby conducted a search of Plaintiff's property and confiscated an unfinished manuscript.  On February 19, 2008, Plaintiff gave mail to Defendant Carberry to be sent to his nephew.  Defendant Carberry refused to send it out, stating that it included sexual statements regarding a prison employee.  On February 29, 2008, Defendant Carberry conducted a hearing and determined that the mail should be destroyed.

Defendant Exelby also confiscated a manilla folder containing a several unfinished stories on April 14, 2008, which contained a picture of a female prison guard bent over the hood of a car.  Plaintiff had cut the picture from a magazine.  On April 28, 2008, Defendant Maki determined that the stories should be destroyed.  Plaintiff also attempted to send out his writings on June 6, 2008, but they were confiscated by Defendant Carberry.  On June 23, 2008, Defendant Maki conducted a hearing on a major misconduct ticket and determined that the writings were properly destroyed.  On July 15, 2008, Plaintiff complained that Defendant Carberry was allowing prisoners to masturbate in front of her during rounds.  Defendant Carberry then wrote a sexual misconduct ticket on Plaintiff, stating that he was behaving in a sexually deviant manner and that Plaintiff was attempting to get her into trouble for his own misconduct.

Plaintiff claims that Defendants' conduct violated his rights under the First Amendment.  Plaintiff seeks damages, costs and equitable relief.

Presently before the Court is Defendants' Motion to Dismiss (docket #9), pursuant to Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in the light most favorable to plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations.  *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47).  The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts.  *Mayer*, 355 U.S. at 638.  While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions.  *Delorean*, 991 F.2d at 1240.  "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Id.* (internal quote omitted).

In their motion, Defendants assert that Plaintiff's complaint concerns events which occurred between September 13, 2007, and July 15, 2008.  Defendants further state that all of the grievances attached to Plaintiff's complaint were resolved in 2007.  Defendants contend that because

Plaintiff did not file the instant complaint until February 1, 2012, his complaint is barred by the 3 year statute of limitations.

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[1]

Plaintiff contends that his complaint concerns an ongoing First Amendment violation, such that it is not barred by the statute of limitations. However, as noted above, the allegations in Plaintiff's complaint merely assert incidents which occurred between September 13, 2007, and July 15, 2008. Plaintiff did not file this complaint until 2012, and could have alleged continuing violations if such had occurred. Therefore, Plaintiff's contention that the violations were of an ongoing nature lacks merit.

---

[1]28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

However, the undersigned notes that the statute of limitations is tolled for the period during which a plaintiff's available state remedies are being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). As set forth above, Plaintiff's appeal regarding the initial confiscation of his manuscripts was not denied by the Michigan Supreme Court until September 11, 2009. Plaintiff's complaint, filed on February 1, 2012, was within three years of that decision. Accordingly, the undersigned recommends that Defendants' motion to dismiss on the basis of the statute of limitations be denied.

In summary, the undersigned recommends that Defendants' motion to dismiss (docket #9) be denied with regard to the initial confiscation of Plaintiff's documents. However, for the reasons stated above, Plaintiff's claims regarding the seizure of documents on other occasions are barred by the statute of limitations and should be dismissed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  November 29, 2012