UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE EARL GOLDSMITH,

        Plaintiff,                        Case No. 2:12-cv-41

v.                                            Honorable R. ALLAN EDGAR

STEVEN SHARRETT, et al.,

        Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT
## AND RECOMMENDATION AS MODIFIED

A Report and Recommendation was issued on November 29, 2012, dismissing this case in part as filed beyond the applicable statute of limitations period, but concluding that the initial denial of plaintiff's manuscripts should not be dismissed because the statute of limitations was tolled while plaintiff filed appeals in the state courts to exhaust his state remedies. However, because plaintiff only needed to exhaust his administrative remedies prior to seeking federal judicial review, the statute of limitations period was not tolled while plaintiff was appealing the administrative review in the state courts. *Brown v. Morgan*, 209 F.3d 595 (6th Cir. 2000) (administrative remedies, not judicial remedies, are all that need be exhausted prior to bringing a federal lawsuit).

Plaintiff Willie Earl Goldsmith, an inmate currently confined at the Saginaw Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include Steven Sharrett, Linda Maki, Peggy Ann Carberry, Greg Exlby and Patricia Belfry. Plaintiff's

complaint alleges that he is fictional writer and copyright owner of 26 manuscripts. In May 2006, Plaintiff transferred to Marquette Branch Prison from Alger Correctional Facility. Each of Plaintiff's manuscripts were stamped with a copyright and pre-addressed to a family member. Plaintiff's manuscripts were kept in his storage locker and never loaned or circulated within the prison.

Plaintiff alleges that he wrote a complaint to defendant Sharrett's supervisor concerning a misuse of the "in call countlights." Deputy Warden Rapalja agreed that the count lights should not be turned on during daylight. Defendant Sharrett came to plaintiff's cell on September 12, 2007, and stated "you want to write the Deputy about how I run my unit." Defendant Sharrett immediately shook-down plaintiff's cell leaving it in disarray. The next day defendant Sharrett conducted another cell search. This time defendant Sharrett found a 60 page copyrighted manuscript entitled: "Green Tag So Hot It Sizzles." This story was about a prisoner and female guard who fall in love, inspiring the prisoner to become a better person. Defendant Sharrett seized the manuscript and issued a major misconduct report to Plaintiff for sexual misconduct. Defendant Sharrett's supervisor, Defendant Belfry, reviewed and upheld the misconduct concluding that the manuscript was disgusting. Defendant Sharrett then seized three other manuscripts. Plaintiff alleges that Defendant Sharrett showed the manuscripts to other officers, because Plaintiff began to receive compliments for his work.

Defendant Maki held a misconduct hearing on September 27, 2007, and found Plaintiff guilty of the sexual misconduct charge. The other three manuscripts were released to Plaintiff, and Plaintiff was given the opportunity to send the Green Tag manuscript out of the prison at his own expense. Plaintiff requested the forwarding of the Green Tag manuscript for judicial review. Plaintiff appealed the decision to the Ingham County Circuit court which affirmed the agency decision. The Michigan Court of Appeals and the Michigan Supreme Court both denied the appeal for lack of merit.

Plaintiff claims that his Green Tag manuscript is now lost, and he believes never presented to a court. Plaintiff complains that judicial review was inadequate.

Once Defendant Sharrett discovered that Defendant Maki released the three other confiscated manuscripts, Defendant Sharrett, on September 27, 2007, wrote a notice of intent to confiscate three manuscripts that contained extreme violence and allegedly presented a security threat to the prison. On September 29, 2007, Defendant Sharrett discovered that Plaintiff was writing a new manuscript. Defendant Sharrett seized the manuscript and issued a major misconduct ticket because the manuscript was meant to harass and degrade female prison staff. At a hearing held October 15, 2007, Defendant Maki dismissed the misconduct ticket, because this information was not provided by Defendant Sharrett in his first misconduct ticket.

Defendant Sharrett searched plaintiff's cell on October 9, 2007, and issued another misconduct ticket for a single page that he described as degrading to female corrections officers. On October 15, 2007, Defendant Maki dismissed the misconduct ticket after a hearing concluding that Defendant Sharrett should have included this page in his first misconduct ticket.

Defendant Maki upheld the threatening behavior misconduct tickets issued by Defendant Sharrett on October 9, 2007, and October 10, 2007. On October 15, 2007, Defendant Carberry held an administrative hearing which resulted in the finding that the three manuscripts confiscated by Defendant Sharrett on September 27, 2007, should be destroyed. On October 22, 2007, Defendant Sharrett retaliated against Plaintiff by seizing 21 manuscripts, and other writings including two dictionaries from Plaintiff. Defendant Carberry held a hearing on October 29, 2007, and ordered that the manuscripts should be destroyed because they described criminal activity. Plaintiff's attempt to mail the manuscripts outside the prison facility was denied by Defendant Carberry.

3

On February 4, 2008, Defendant Exelby conducted a search of Plaintiff's cell, read and confiscated a fictional manuscript that Plaintiff was writing. Defendant Exelby informed Plaintiff that Defendant Carberry had told him to read plaintiff's paperwork. Defendant Carberry conducted a hearing on April 28, 2008, and ordered the manuscript destroyed. Plaintiff then received a misconduct ticket after he attempted to send a story about a female guard to an internet site. On February 29, 2008, Defendant Maki found plaintiff guilty of the misconduct after a hearing was held. On June 23, 2008, Plaintiff was found guilty of a similar misconduct. Plaintiff was found guilty of misconduct ticket on April 28, 2008, for sexual misconduct for having three inappropriate written documents in his possession .

Plaintiff alleged that Defendant Sharrett was transferred to Marquette Branch Prison and that he continued a "total ban" against Plaintiff's writings. Plaintiff is no longer housed at the Marquette Branch Prison. Plaintiff's complaint is dated January 30, 2012, and was filed on February 1, 2012. Defendants move to dismiss this action as filed after the expiration of the three year statute of limitations period, pursuant to Fed. R. Civ. P. 12(b).

Plaintiff's claims are barred by the applicable statute of limitations period. The United States Supreme Court has held that the limitations period for filing a civil rights action under 42 USC § 1983 is determined by applying the state's most analogous personal injury statute of limitations period. *Wilson v. Garcia*, 471 U.S. 261 (1985); *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987), *cert. denied*, 485 U.S. 934 (1988). In Michigan, the general statute of limitations for personal injury actions is three years. MCL § 600.5805(8). *See also Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir.), *cert. denied, sub nom. Wayne Co. v. Carroll*, 479 U.S. 923 (1986).

Prior to April 1, 1994 Michigan recognized imprisonment as a legal disability which tolled the statute of limitations period otherwise applicable to legal actions. Under former MCL §

4

600.5851, persons imprisoned at the time a claim accrued had one year after removal of the disability (release from imprisonment) to bring their actions. However, effective April 1, 1994 Mich. Comp. Laws § 600.5805 was amended. The amendment abolished imprisonment as a disability which would toll the accrual of the statute of limitations. However, for actions which accrued prior to the effective date of the amendment, April 1, 1994, the Michigan legislature extended the statute of limitations period to the greater of any other applicable statute of limitations period or until April 1, 1995. Mich. Comp. Laws § 600.5851 (9).

Since plaintiff alleges that the conduct which forms the basis of his complaint occurred on or before April 28, 2008, plaintiff had only until April 28, 2011, to file his cause of action. Plaintiff's complaint dated January 30, 2012, was filed outside the limitations period. Plaintiff has attempted to characterize his complaint as a continuing violation of his rights. Plaintiff should have presented a timely complaint that covered each individual deprivation of his property. Plaintiff has failed to show how a continuing violation of his rights occurred and has completely failed to allege any specific deprivation of his rights that occurred anytime within the three year time period before he filed this cause of action. Plaintiff's complaint is therefore barred by the statute of limitations period.

In light of the foregoing, the court concludes that the Report and Recommendation (Docket #22) is adopted as modified by this opinion. Defendants' Motion to Dismiss (Docket #9) is **GRANTED** and the complaint dismissed. Plaintiff's motions for declaratory judgment (Docket #49 and #51) are denied.

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants Defendants' motion for summary judgment,

the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If Plaintiff is barred, he will be required to pay the $455 appellate filing fee in one lump sum.]

A Judgment consistent with this Opinion and Order will be entered.

SO ORDERED.

Dated: 2/8/2013  /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge